# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACQUELYNE LAMARR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 15 C 8660 |
| | ) |
| ILLINOIS BELL TELEPHONE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for conditional certification and for approval of class notice. For the reasons stated below, the motion for conditional certification is granted and the motion for approval of class notice is granted.

## BACKGROUND

Plaintiffs allegedly worked for Defendants at call centers as a call center representative (CCR) performing customer retention activities. Plaintiffs allegedly were required to work before their shifts, during meal breaks, and after their shifts and were not compensated for such work based on Defendants' standard policies. Plaintiffs claim that they were required to turn on equipment and boot up software

1

programs before their scheduled shift. Plaintiffs also contend that they were required to perform work during meal breaks and perform work after shifts such as completing calls. Defendants also allegedly rounded down less than eight minutes when calculating time worked. As a result of Defendants' policies, Plaintiffs were allegedly deprived of significant overtime owed to them. Plaintiffs include in their amended complaint claims alleging the failure to pay overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Count I), and claims brought under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (Count II). Plaintiffs now move for conditional certification of a class in this action.

## DISCUSSION

The FLSA specifies that employees have "the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010)(quoting in part 29 U.S.C. § 216(b)). A collective action brought under the FLSA "is similar to, but distinct from, the typical class action brought pursuant to" Federal Rule of Civil Procedure 23 (Rule 23). *Id.* The main difference between a FLSA collective action and a Rule 23 class action "is that plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out." *Id.*

The FLSA does not specify the process by which a court should determine

whether plaintiffs can pursue FLSA claims as a collective action, and district courts have discretion in determining the appropriate process. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989)(holding that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs"); *Alvarez*, 605 F.3d at 449 (stating that "[a] district court has wide discretion to manage collective actions"). As to the process for determining whether a FLSA lawsuit should proceed as a collective action, the majority of district courts in this district have followed a two-step process. *Jirak v. Abbott Laboratories, Inc.*, 566 F. Supp.2d 845, 847-48 (N.D. Ill. 2008). The court also notes that the Seventh Circuit has recognized that district courts employ the two-step process and has not indicated that the process was improper. *See, e.g., Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 974 (7th Cir. 2011)(explaining that "[t]he conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action").

At the initial step of the certification process, the plaintiffs are required "only . . . to make a minimal showing that others in the potential class are similarly situated." *Jirak*, 566 F. Supp.2d at 847. If the plaintiff meets that "minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to opt in." *Id.*; *Perez v. Comcast*, 2011 WL 5979769, at *1 (N.D. Ill. 2011)(stating that "[f]irst, the court considers whether to

conditionally certify a class" and that "[t]o obtain this relief, a plaintiff must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law")(internal quotations omitted)(quoting *Hundt v. DirectSat USA, LLC*, 2010 WL 2079585, at *2 (N.D. Ill. 2010)).

At the second step of the process, "which occurs after the parties have engaged in discovery and the opt-in process is completed, the court's inquiry is more stringent" and "the Court must reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Jirak*, 566 F. Supp.2d at 847. At the second step, the court must also determine: "(1) whether the plaintiffs share similar or disparate employment settings; (2) whether affirmative defenses raised by the defendant would have to be individually applied to each plaintiff; and (3) any fairness and procedural concerns." *Id.*

Plaintiffs seek to conditionally certify a class consisting of all individuals who were and/or are currently employed by Defendants, their subsidiaries, affiliates, predecessors, and/or successors as non-exempt call center employees or other similarly titled positions at any time during the relevant statute of limitations who worked at least forty hours per week and whose actual time worked was rounded to their detriment. Plaintiffs also have revised the class definition to include a pre-shift subclass, a meal break subclass, and two post-shift subclasses.

I. Time-Barred Claims

Defendants argue that some of the CCRs worked at call centers that closed several years ago and that the claims for such CCRs would be time-barred. Plaintiffs concede that such claims would be time-barred. However, as Plaintiffs correctly point out, there are ample other putative class members whose claims would not be time-barred. In addition, if such CCR's with time-barred claims subsequently went to work for Defendants at another call center within the statute of limitations period, their claims would not be time-barred. Thus, the fact that certain claims may be time-barred does not prevent the conditional certification of a class in this case.

II. Non-Defendant Employers

Defendants argue that the evidence shows that certain putative class members worked for entities that are not named as Defendants in this case. However, under the FLSA an employee can have more than one employer. *Moldenhauer v. Tazewell–Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008). Plaintiffs make clear in response to the instant motion that their theory in this case is that certain putative class members had a joint employer. Plaintiffs also allege that the named Defendants had control over the putative class members such that they would be considered an employer of the class members. (A Compl. Par. 8-15, 41-48). Defendants cannot dictate to Plaintiffs the parameters of Plaintiffs' claims nor challenge the merits of Plaintiffs' claims at this juncture. The joint employer determination is a determination that involves a consideration of matters outside the

pleadings and is premature at this juncture.

III. Common Policies

Defendants argue that the putative class members were not subjected to any common policies that would warrant class certification. Defendants, however, in making such arguments focus on irrelevant conflicts and seek to impose a stringent evidentiary burden on Plaintiffs at this preliminary conditional certification stage that is not required under the law. *See Wynn v. Express, LLC*, 2012 WL 386716, at *1 (N.D. Ill. 2012)(stating that at the initial step, "the plaintiffs must make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law'")(quoting *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003)). Defendants' arguments also focus on facts that would primarily relate to damages, and differences in damages would not necessarily preclude certification in this case. Plaintiffs have pointed to evidence, such as the testimony from Rule 30(b)(6) witnesses, deposition testimony from Plaintiffs, and declarations from putative class members to show at this juncture that there are certain common policies and practices among Defendants that the subclasses of putative class members faced while employed by Defendants. The fact that Defendants allegedly had multiple policies and practices that violated the FLSA and deprived their employees of earned overtime does not preclude certifications. Subclasses are appropriate for conditional certification particularly where an array of policies and practices that fail to comply with the law are alleged.

Based on the above, Plaintiffs' motion for conditional class certification is granted.

Defendants are ordered to produce to Plaintiffs within seven days, a list, in Excel format, of all persons employed by Defendants in sales, services and similar positions at Defendants' call centers in Defendants' Midwest Region from September, 2012 to the present, including their name, last known address, telephone number, email address, dates of employment, location of employment, last four digits of their social security number, and date of birth.

In regard to the notice to putative class members, Defendants have not advanced a sufficient basis to deny the request for the approval of the proposed notice and Plaintiffs have properly supported their request. Therefore, the motion for approval of class notice is granted.

## CONCLUSION

Plaintiffs' motion for conditional certification is granted and the motion for approval of class notice is granted.

                                          Samuel Der-Yeghiayan
                                          United States District Court Judge

Dated: May 24, 2017