IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELYNE LAMARR and DORETTA WAGNER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 1:15-cv-08660 |
| v. | ) ) | Judge Samuel Der-Yeghiayan |
| ILLINOIS BELL TELEPHONE COMPANY, individually and d/b/a "AT&T MIDWEST"; AT&T TELEHOLDINGS, INC., individually and d/b/a "AT&T MIDWEST"; AT&T SERVICES, INC., individually and d/b/a "AT&T MIDWEST"' AT&T CORP., individually and d/b/a "AT&T NATIONAL"; and AT&T OPERATIONS, INC., individually and d/b/a "AT&T NATIONAL," | ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**ORDER OF SETTLEMENT APPROVAL
AND DISMISSAL OF THE CASE**

The Parties have moved the Court for an order approving the settlement of this case as set forth in the Joint Stipulation of Settlement (the "Joint Stipulation") executed by the Parties. Including the exhibits thereto, the Joint Stipulation sets forth the terms and conditions for a proposed settlement of this case (the "Settlement"), and for dismissal of this case upon the terms and conditions set forth therein. Unless otherwise defined herein, all terms, including capitalized terms, used in this Order will have the same meaning as defined in the parties' Joint Stipulation.

The Court has read and considered the Joint Stipulation, the exhibits attached thereto, and Plaintiffs' Unopposed Motion for Approval of the Parties' Proposed Collective Action Settlement;

NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court hereby approves the Joint Stipulation and the Settlement set forth therein (including without limitation the aggregate Settlement Amount therein and all components and individual payments comprising such Settlement Amount) as being a fair, reasonable, and adequate resolution of a *bona fide* dispute that provides substantial relief to the Plaintiffs (as defined in Paragraph 2 below) and eliminates risk that both sides would face if litigation in this matter continued. Without limiting the generality of the foregoing, the Court hereby approves, as to form and content, the Notices to the opt-in Plaintiffs attached as Exhibit C to the Joint Stipulation, and finds that the distribution of these Notices as provided by the Joint Stipulation meets any applicable requirements of federal law and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all individuals entitled thereto. The Joint Stipulation is a result of good-faith, intensive, arms-length negotiations between experienced attorneys who are familiar with class- and collective-action litigation in general and with the legal and factual issues of this case in particular. The Settlement was reached pursuant to a mediation conducted with an experienced class/collective action wage-and-hour mediator on September 18, 2017, after the parties had engaged in substantial discovery both prior to and following the Court's conditional certification of a collective in this matter.

2. The Court finds that the proposed "opt-in" Fair Labor Standards Act ("FLSA") settlement collective is proper and should be certified for settlement purposes. Therefore, solely for purposes of the Settlement, and subject to the Settlement not being voided pursuant to the terms

of the Joint Stipulation, the Court certifies an opt-in FLSA settlement collective, pursuant to 29 U.S.C. § 216(b), as follows:

All current and former employees of any of Defendants and/or the Non-Defendant Entities (defined below) who have both (a) opted, or opt, into this action by filing a written opt-in consent form on or before the Late Opt-In Deadline, without filing a written withdrawal of such written opt-in consent prior to such date or being dismissed from the action by the Court, and (b) held the position(s) of Service Representative or other titles listed below in this Paragraph at call centers operated by any of Defendants or the Non-Defendant Entities in Illinois, Indiana, Michigan, Ohio, and Wisconsin (collectively, "Covered Positions") during at least one week between September 30, 2012 and the Late Opt-In Deadline.[1] The Parties believe that approximately 1,279 individuals are Plaintiffs as of the date of the Joint Stipulation. Any Plaintiffs who file opt-in consents after such date, and prior to or on the Late Opt-In Deadline, shall be referred to herein as "Late Opt-Ins." Job titles included within the definition of Covered Positions are:

| | |
|---|---|
| ACCOUNT REPRESENTATIVE [CWA-T-CORE] | SALES CONSULTANT (P) [CWA04] |
| ACCOUNT REPRESENTATIVE-LEV [CWA-T-CORE] | SALES CONSULTANT [CWA04] |
| CONSUMER PRODUCT SPECIALIST [CWA04] | SALES CONSULTANT SBS-A [CWA04] |
| CUSTOMER ACCOUNT SPEC (COL) [IBEW21] | SALES REPRESENTATIVE (SRS) [IBEW21] |
| CUSTOMER ACCOUNT SPEC (SRS) [IBEW21] | SERVICE REPRESENTATIVE (COL) [CWA04] |
| CUSTOMER ACCT SPEC BILINGUAL [IBEW21] | SERVICE REPRESENTATIVE (COL) [IBEW21] |
| MARKETING SUPPORT SPEC (SRL) [IBEW21] | SERVICE REPRESENTATIVE (SRL) [CWA04] |
| SALES AND SERVICE SPECIALIST [CWA04] | SERVICE REPRESENTATIVE (SRS) [CWA04] |
| SALES CONSULTANT (CONSUMER) [IBEW21] | SERVICE REPRESENTATIVE (SRS) [IBEW21] |

---

[1] For the avoidance of doubt, "Plaintiffs" collective refers to such current and former employee opt-in plaintiffs as described in this paragraph, including Named Plaintiffs and Late Opt-Ins, and includes any legal heirs and/or successors-in-interest of each Plaintiff and anyone else claiming by or through them.

3. For Settlement purposes only, the Court hereby approves Glen J. Dunn, Jr. of GLEN J. DUNN & ASSOCIATES, LTD., and Jeffrey Grant Brown of JEFFREY GRANT BROWN, P.C., as Counsel for the Plaintiffs, and approves Named Plaintiffs Jacquelyne LaMarr and Doretta Wagner as representatives for the opt-in FLSA settlement collective Plaintiffs.

4. For Settlement purposes only, the Court hereby appoints Dahl Administration, LLC as the Claims Administrator within the meaning of the Joint Stipulation, and directs such Claims Administrator to send notices and settlement payments to the settlement collective members consistent with the terms of the Joint Stipulation, and otherwise to discharge such Claims Administrator's duties and responsibilities as provided in the Joint Stipulation.

5. The Court hereby approves Plaintiffs' Counsel's request for attorneys' fees and costs as described in the parties' Joint Stipulation and Plaintiffs' Unopposed Motion for Approval of the Parties' Proposed Collective Action Settlement for all services that Plaintiffs' Counsel has rendered and will render, and all costs and expenses that Plaintiffs' Counsel has incurred and will incur, in connection with the prosecution and settlement of this case. Payment of such attorneys' fees and costs shall not increase or be in addition to the Settlement Amount. The Court finds that this amount, which equals approximately 36% of the Settlement Amount for attorneys' fees and an additional out-of-pocket amount for costs and expenses, is fair and reasonable in light of the number of hours expended, expenses incurred, and results achieved by Plaintiffs' Counsel. The Court also finds that no other attorney(s) (if any) with respect to any Plaintiff or the collective has made any claim for, or in any event would be entitled to, any amount of attorneys' fees, costs, expenses or others amounts with respect to this case or the Settlement thereof, and that Defendants and the other Released Parties shall not be required to pay any such amounts to any such person.

6. The Court hereby approves Plaintiffs' application to the Court for service payments to the two Named Plaintiffs and the eight other Plaintiffs who sat for depositions in this case.[2] The Court specifically finds such service payments to be reasonable compensation for the substantial contributions of Plaintiffs receiving service payments, to date and through the conclusion of this matter.

7. With respect to Plaintiffs' releases of claims, the Court further orders:

    a. Each of the Named Plaintiffs (Jacquelyne LaMarr and Doretta Wagner), and each of the other eight Plaintiffs who shall receive a service payment as part of the Settlement,[3] shall be deemed to have, and by entry of this Order shall have, fully, finally, and forever settled, released, and waived any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, as set forth in their Individual Releases and in Paragraph 17(a) and (c) of the Joint Stipulation.

    b. Each Plaintiff other than those covered by subsection (a) of this Paragraph shall be deemed to have, and by entry of this Order shall have, fully, finally, and forever settled, released and waived any and all wage and compensation-related claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, as set forth in their Individual Releases and in Paragraph 17(b) and (c) of the Joint Stipulation.

    c. By endorsing and cashing (or otherwise negotiating) his or her settlement payment check in this case, each Plaintiff who does so is thereby agreeing to and bound

---

[2] In addition to the Named Plaintiffs, the Plaintiffs designated to receive a service payment are Joel Berger, Pamela Brown, Doris Ezell-Ferguson, Phyllis Gary, Terrell Jackson, Tamara McKelvin-Palmer, Thomasina Royston, and Latosca Williams, all of whom were deposed in this action.

[3] *See* footnote 2.

by all terms of the Individual Release (as defined in the Joint Stipulation) attached by perforation to such settlement check, including the release of claims, confidentiality provision and indemnity specified therein, as well as the releases and waivers in the Joint Stipulation and this Order. If a given Plaintiff does not timely endorse and cash (or otherwise negotiate) his or her settlement check within the 90-calendar-day period for doing so set forth in the Joint Stipulation (or, as applicable, revokes his or her Individual Release pursuant to the ADEA, if such Plaintiff's Individual Release contains a release of ADEA claims), such Plaintiff shall be deemed to have irrevocably waived any right in or claim to a settlement payment of any kind, and will not be bound by his or her Individual Release or the releases and waivers in the Joint Stipulation or in Paragraphs 7(a), 7(b) or 7(c) of this Order above.

    d. Without limiting the generality of the foregoing, the Court hereby approves, orders, and incorporates herein in full the releases, waivers, and settlements of claims by the Plaintiffs with respect to the Released Parties set forth in, and all other provisions of, Paragraphs 17 and 18 of the Joint Stipulation, as well as the Individual Releases, all of which are and shall be fully enforceable in accordance with their respective terms.

8. Each Plaintiff is hereby permanently enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to join any action against Defendants, the Non-Defendant Entities, or any of the other Released Parties with respect to any of the claims released by such Plaintiff as provided in this Order.

9. Nothing in this Order shall function to increase the Settlement Amount (as defined in the Joint Stipulation) or otherwise amend the Joint Stipulation.

10. The Court hereby dismisses this matter without prejudice pending consummation of the transactions described in and contemplated by the parties' Joint Stipulation, with leave to reopen and reinstate this matter at any time during the six months following the entry of this Order, and provided that Late Opt-Ins may opt into the matter on or prior to the Late Opt-In Deadline as provided in the Joint Stipulation. The Court shall retain jurisdiction over this matter until the Settlement is fully administered consistent with the terms and conditions of the Joint Stipulation and dismissal with prejudice occurs pursuant to Paragraph 11 of this Order.

11. The dismissal without prejudice described in Paragraph 10 of this Order shall automatically convert to a dismissal with prejudice of this action six months and one day following the entry of this Order (the "Dismissal With Prejudice Date"), unless Defendants have timely exercised their right under the Joint Stipulation to void the Settlement on or before the Settlement Voiding Deadline as provided in paragraph 28 of the Joint Stipulation by filing of notice thereof with the Court. If Defendants exercise their right to void the Settlement on or prior to the Settlement Voiding Deadline: (a) this Order, the Settlement, and the Joint Stipulation shall be null and void, and the case shall be returned to this Court's active docket, with all Parties returned to the positions they were in prior to the Settlement; (b) Defendants shall have no obligation to make any payments of any kind pursuant to the Joint Stipulation or this Order, including without limitation any payment to Plaintiffs or Plaintiffs' Counsel; (c) to the extent any payments pursuant to the Joint Stipulation have by then been made, such payments shall be promptly returned to Defendants; and (d) any issued checks not yet cashed or otherwise negotiated shall be voided and the Claims Administrator shall promptly issue a stop payment order with respect thereto. This Order constitutes a final judgment pursuant to Federal Rule of Civil Procedure 54(a) as of the Dismissal With Prejudice Date. Alternatively, the Court finds

that there is no just reason for the delay and this Order is a final judgment pursuant to Federal Rule of Civil Procedure 54(b) as of the Dismissal With Prejudice Date.

12. Neither this Order, the Settlement, the Joint Stipulation, nor any exhibit, document, or instrument delivered thereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement, shall constitute an admission of any kind by any of the Released Parties or the Plaintiffs, or be admissible in evidence for any purpose except as and to the extent provided in the Joint Stipulation.

DATED: _____  _____
SAMUEL DER-YEGHIAYAN
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF ILLINOIS